UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOHNNY GODFREY JR** | **CASE NO. 6:24-CV-01344** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **EUNICE CITY COURT ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Plaintiff, Johnny Godfrey, Jr., filed this lawsuit without the assistance of legal counsel and *in forma pauperis*. His complaint was screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether the Court has subject matter jurisdiction and whether his claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. For the reasons explained below, the Court recommends that this lawsuit be dismissed for lack of jurisdiction and/or failure to state a claim upon which relief may be granted.

## Facts and Procedural History

Godfrey is no stranger to this Court. In February 2024, he filed a pro se suit against the cities of Eunice and Ville Platte, Facebook, Twitter, Apple, Inc., and "Ruby, Renee Ivory," alleging "[m]y life was almost taken, people duplicated pages of Jay Ivory, lied on me, stole pics, vid., discriminated against me badly, came

homeless, lost jobs, etc. My name was stolen…" (Civil No. 6:24-CV-00410 ("*Godfrey I*"), Rec. Doc. 1; 6, p. 5). He filed an amended complaint against Rajanee Ivory which is a diatribe of profanity and allegations of a personal nature. (*Godfrey I*, Rec. Doc. 17). In *Godfrey I*, he filed numerous motions in which he asserted a litany of complaints about unidentified people in Ville Platte and Eunice harassing him and seeking "ownership of both communities" and to change the city names from "Eunice" to "Godfrey" and from "Ville Platte" to "Jay Ivory." (*Godfrey I*, Rec. Doc. 14). Pursuant to §1915 review, the Court dismissed *Godfrey I* for lack of subject matter jurisdiction. (*Godfrey I*, Rec. Doc. 38). The Fifth Circuit dismissed his appeal. (*Godfrey I*, Rec. Doc. 76). Nevertheless, during and after his appeal, Godfrey routinely filed various motions, such that the Court ordered him to stop filing such motions or he would face sanctions. (*Godfrey I*, Rec. Doc. 78).

On September 30, 2024, Godfrey filed six new lawsuits, including the instant suit in which he sued "Eunice City Court," Judge Terry Hoychick of Eunice City Court, and two individuals in Eunice. He seeks $3 from the individual defendants and $20 billion from Eunice City Court based on vague allegations of "violations of social media bullying, … playing with my peace rights and freedom, …for threatening my life." (Rec. Doc. 1, p. 4). Finding the allegations in this case

2

strikingly similar to *Godfrey I*[1] and his other suits,[2] the Court likewise finds dismissal warranted.

## Law and Analysis

### I. Standards Applicable to *pro se* and *in forma pauperis* Litigants

Plaintiff is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). Furthermore, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation,

---

[1] Indeed, Godfrey identified his Complaint in this case with the *Godfrey I* case number, 6:24-CV-00410.
[2] Civil Cases No. 6:24-CV-01342; 24-CV-01345; 24-CV-01349; 24-CV-01350; 24-CV-01351.

and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff filed a motion for *in forma pauperis* status along with his complaint. An indigent person may bring an *in forma pauperis* action in federal court without paying costs. 28 U.S.C. § Section 1915(a)(1). District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A dismissal "at any time" includes dismissal at the initiation of the action before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits" and "spare[s] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324; 327 (1989). A court must not dismiss a complaint simply because the facts presented by the plaintiff appear unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

District courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*, and dismissal is appropriate if a complaint has no "realistic chance of ultimate success" or is "clearly baseless." *Green v. McKaskle*, 788 F.2d at 1119-20; *Denton v. Hernandez*, 504 U.S. at 32. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Brewster v. Dretke*, 587 F.3d at 767. A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," while factually frivolous claims are those in which the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*, 138 F.3d at 213; *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Thus, the court must limit itself to the contents of the pleadings, accept

all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff, and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

## II. The Court lacks subject matter jurisdiction.

The Court discerns no basis for federal court jurisdiction in Godfrey's sparse pleading. The identified defendants are non-diverse, such that 28 U.S.C. §1332 does not apply. Otherwise, Plaintiff does not assert any employment-based claims, any non-frivolous claims against any public official, or any other claim that could conceivably justify federal court jurisdiction under 28 U.S.C. §1331. His complaint lacks sufficient factual allegations and does not present a cognizable federal claim. To the extent he attempts to bypass the Court's dismissal of *Godfrey I*, this suit is frivolous. As such, the Court finds that subject matter jurisdiction does not exist and recommends that the suit be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 11th day of October, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE